## SOUTH TEXAS LLOYDS v. KILGORE et al. (No. 1555.)

Court of Civil Appeals of Texas. Beaumont. June 3, 1927.

1. **Chattel mortgages** &#9758;282—**Evidence of identity of automobile held not to entitle plaintiff as matter of law to foreclosure of mortgage.**

In suit to foreclose mortgage lien against automobile tried to the court, trial court did not err as a matter of law in denying foreclosure on body of automobile; it being an issue as to whether such body was the one subject to the mortgage.

2. **New trial** &#9758;97—**Denying new trial for surprise held not error, where no surprise was suggested at trial, no postponement asked, and slight effort made to secure witnesses now offered.**

In suit to foreclose mortgage lien against automobile, trial court did not err in refusing a new trial on the ground of surprise by testimony that two detectives had stated, as a result of examining the car, that the engine number had not been changed, where no surprise was suggested at the time, no postponement of the trial was asked, and the only attempt to secure the detectives, who are now offered as witnesses, was an effort to locate one of the detectives during noon hour of day when case was tried.

Appeal from Jefferson County Court; C. N. Ellis, Judge.

Suit by South Texas Lloyds against Clark Kilgore and others. From a judgment for defendants, plaintiff appeals. Affirmed.

R. E. Masterson and W. T. McNeill, both of Beaumont, for appellant.

O'Fiel & Reagan and John T. Kitching, all of Beaumont, for appellees.

WALKER, J. This is an appeal from the county court of Jefferson county. Claiming to hold a mortgage lien against a Ford car,

motor No. 11627440, appellant instituted this suit against appellees, and sequestered from their possession a Ford car, motor No. 11624520, but with the motor No. 11627440 stamped on the sill of the right door. After seizing the car, the sheriff delivered it into the possession of the Standard Motor Company, who had originally sold the car against which the lien in issue was retained. Appellant showed title to the notes and mortgage in issue. Appellees offered in evidence the following chain of title to the car in dispute: (1) Automobile tax receipt issued by the tax collector of Jefferson county to Bernard Ross on the 20th day of July, 1925, on a Ford touring car, engine No. 11624520, the tax receipt reciting that it was sold by Port Neches Motor Company new; (2) bill of sale from Ross to Roy Summerville, dated 21st day of July, 1925, for Ford touring car, engine No. 11624520; (3) bill of sale from Roy Summerville to F. J. Gober, dated 5th day of September, 1925, for Ford touring car, engine No. 11624520; (4) bill of sale from F. J. Gover to his codefendant E. R. Menchew in this suit for Ford touring car, engine No. 11624520, executed on the 8th day of September, 1925.

There was evidence to the effect that the motor number on the sequestered car had been changed, and evidence that it had not been changed. There was no evidence that the number was stamped on the sill of the car door when the car was seized, but there was evidence that the Standard Motor Company had a custom of stamping the motor number on the sill of the car doors sold by it as a means of identification in case the car should be stolen. Nothing was shown impeaching the integrity of appellees nor their good faith in purchasing the car nor the validity of their chain of title. The car sold by the Standard Motor Company was, at the time of its sale, equipped with a large steering wheel and balloon tires. The car before the court was equipped with a small, that is, the regular stock steering wheel, and high-pressure tires. High-pressure tires cannot be used on wheels equipped for balloon tires.

On a trial to the court without a jury judgment was rendered in favor of appellees for the car and denying appellant a foreclosure of its lien.

[1] Appellant insists that the court erred as a matter of law in denying a foreclosure of the lien on the body of the car. All of the evidence and circumstances were before the court, and it was clearly an issue as to the identity of the body. Appellant says the court denied its foreclosure on the theory that the number may have been stamped on the sill of the door after the car was seized. No conclusions of fact and law were filed, and we do not know the reasons for the court's judgment, but, as a matter of law, error was not committed in denying this relief.

[2] Nor was error shown in the refusal of a new trial. Evidence was introduced on the trial to the effect that two detectives of the city of Beaumont examined the car after it was seized, and stated as a result of their examination that the engine number had not been changed, and that appellant had no claim on the car. In their motion for a new trial appellant claims for the first time surprise against this testimony, and also against the chain of title offered by appellees. When this testimony was offered, no surprise was suggested, but the trial proceeded to judgment without objection. The two detectives lived and worked in the city of Beaumont, with headquarters only two blocks from the county courthouse. While appellant tried to locate one of these detectives during the noon hour of the day the case was tried, it did not ask for a postponement, nor make any further effort to secure his attendance during the trial. No effort was made to locate the other detective. By affidavits of these detectives attached to its motion, appellant shows they would testify as to the examination of the car, but that in their judgment the examination showed the motor number had been changed. Appellant cannot have a new trial on this showing. If the testimony offered by appellee constituted a surprise, which we do not concede, appellant should have raised the point at the time and made an effort to secure the attendance of the detectives as witnesses and to postpone the trial until that could be done, or have made a showing that these witnesses could not be secured. Having speculated on the result of the trial, it cannot now assign error against the judgment on the proposition of surprise.

Affirmed.